IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD

**FELIPE HERNANDEZ,**

      Petitioner,

v.                                                                       Case No. 1:15-cv-15219

**BARBARA RICKARD, Warden,
FCI McDowell,**[1]

      Respondent.

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

### BACKGROUND AND PETITIONER'S CLAIMS

**A.**    **The petitioner's conviction and direct appeal.**

On July 20, 1998, the petitioner was convicted by a jury in the United States District Court for the Eastern District of Michigan of conspiracy to possess cocaine with

---

[1] The proper respondent in a habeas corpus matter is the petitioner's custodian. The current Warden at FCI McDowell is believed to be Barbara Rickard. Accordingly, the Clerk is directed to modify the docket sheet to reflect that Barbara Rickard is the proper respondent herein, both in the style of the case and the short style at the top of the docket sheet.

intent to distribute, murder-for-hire, aiding and abetting an intentional killing, aiding and abetting a firearms murder in relation to a drug trafficking crime and witness tampering. (*United States v. Hernandez*, No. 2:95-cr-80272-GER (E.D. Mich.). On May 20, 1999, the petitioner was sentenced to four consecutive terms of life imprisonment on the first four counts and a concurrent term of 120 months in prison for the witness tampering count. In calculating his sentence, the district court determined that the petitioner was a career offender under section 4B1.1 of the United States Sentencing Guidelines ("USSG"). The United States Court of Appeals for the Sixth Circuit affirmed his judgment on October 9, 2002. *United States v. Hernandez*, No. 99-1717 (6th Cir. Oct. 9, 2002) (unpublished). The petitioner did not file a petition for a writ of certiorari.

### B. The petitioner's section 2255 motion.

On June 16, 2016, the petitioner filed an Application to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the United States Court of Appeals for the Sixth Circuit, despite the fact that he had not previously filed a section 2255 motion. The petitioner was seeking to file a section 2255 motion asserting that his sentence is unconstitutional in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[2] On October 12, 2016, the Sixth Circuit

---

[2] In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and, thus, a sentence enhanced thereunder violates the Due Process Clause of the Fifth Amendment. The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as a crime punishable ... by imprisonment for a term exceeding one year ... that

    (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii)    is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

2

entered an Order denying the petitioner authorization because it was unnecessary, as he had not previously filed a section 2255 motion. *In re Felipe Hernandez*, No. 16-1827 (6th Cir. Oct. 12, 2016). The Sixth Circuit then transferred the matter to the Eastern District of Michigan for consideration under section 2255.

The petitioner's section 2255 motion raised two grounds for relief. First, he contended that 21 U.S.C. §§ 841 and 846 are unconstitutional. Second, he contended that his career offender guideline enhancement was not appropriate because his prior convictions were the result of nolo contendere pleas.[3] On January 13, 2017, the United States District Court for the Eastern District of Michigan denied the petitioner's section 2255 motion as untimely. *Hernandez v. United States*, No. 2:16-cv-13355-GER and 2:95-cr-80272-GER, 2017 WL 131561 (E.D. Mich. Jan. 13, 2017).

### C. The petitioner's present section 2241 petition.

On November 16, 2015, the petitioner filed the instant section 2241 petition (ECF No. 1), with an attachment consisting of an excerpt of his Presentence Investigation Report ("PSR") which has been filed under seal (ECF No. 3).[4] The instant petition asserts: (1) that the petitioner's prior convictions were erroneously used to apply the career offender enhancement because they were pursuant to nolo contendere pleas; and (2) the

---

18 U.S.C. § 924(e)(2)(B) (Emphasis added). The bolded portion of this definition is known as the Act's "residual clause." The petitioner was not sentenced under the ACCA.

[3] The memorandum that accompanied the section 2255 motion summarily cited to *Johnson*, without any specific argument concerning its application to the petitioner's case. However, the Memorandum further questioned whether the petitioner's prior convictions were crimes of violence or serious drug offenses. *Hernandez v. United* States, Nos. 2:16-cv-13355-GER and 2:95-cr-89272-GER, ECF No. 815 at 21-29.

[4] The excerpt contains three pages of the section of the PSR concerning the petitioner's criminal history. However, it does not contain the pages proposing that the petitioner qualified as a career offender. Thus, the record before this court does not demonstrate what prior convictions were determined by the Michigan court to support the career offender enhancement. The petitioner's form petition also references an attached Memorandum (ECF No. 1 at 2); however, no Memorandum accompanied the filed copy of the petition.

3

petitioner's sentence is illegal because it was imposed under a mandatory guideline scheme.

Because it plainly appears that the petitioner is not entitled to the relief requested in this court, the undersigned has not required the respondent to answer the petition.

## ANALYSIS

### A. The petitioner is not entitled to relief under section 2241.

The petitioner's claims clearly challenge the validity of his sentence, and not the manner in which the sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Eastern District of Michigan. Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

4

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, the court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.

The savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255. Thus, the fact that the petitioner's section 2255 motion was denied as untimely does not make section 2255 inadequate or ineffective to test the legality of the petitioner's detention and will not permit this court to review his claims under section 2241.

Furthermore, the petitioner cannot satisfy the *Jones* criteria. He does not even assert that there has been a substantive change in the law that makes the conduct of which he has been convicted no longer criminal. Rather, his first ground for relief simply asserts that he should not have received the career offender sentencing enhancement because his prior convictions resulted from nolo contendere pleas – an issue which he could have

5

raised at the time of his conviction and direct appeal. Additionally, although the petitioner relies upon *United States v. Booker*, 543 U.S. 220 (2005),[5] which was decided after his sentencing and his direct appeal, that decision, likewise, did not result in a substantive change in the law that makes the petitioner's federal <u>conviction</u> invalid. *See, e.g., Coleman v. United States*, 191 F. App'x 215 (4th Cir. July 26, 2006) (*Booker* claim did not meet criteria of *In re: Jones* in order to bring claim under section 2241); *San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002) (affirming dismissal of section 2241 petitions based on *Apprendi* type claims).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claims are not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claims contained in his section 2241 petition.

Moreover, while this court could construe the petitioner's petition as section 2255 motion and transfer it to his court of conviction, such action would be futile because such a motion would likely be an unauthorized second or successive motion. Additionally, it appears that the petitioner would not be entitled to any post-conviction collateral relief on his claims.

---

[5] *Booker* reaffirmed the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), applied the holding in *Blakely v. Washington,* 542 U.S. 296 (2004) to the United States Sentencing Guidelines, and held: "Any fact (**other than a prior conviction**) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244 (emphasis added). Because the petitioner seeks to challenge the use of prior convictions in the calculation of his sentence, it appears that he is not asserting a valid *Booker* claim.

First, to the extent that the petitioner claims that his nolo contendere pleas disqualify those convictions as predicate offenses for his career offender enhancement, it is clear that convictions pursuant to nolo contendere pleas are valid predicate offenses under USSG 4B1.2(c). *See, e.g., United States v. Suesue*, No. 08-30397, 362 F. App'x 877 (9th Cir. 2010) (holding that the district court properly considered the defendant's nolo contendere plea for purposes of the career offender enhancement). The court in *Suesue* specifically stated:

> The Sentencing Guidelines state that the defendant must have committed the instant offense "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense . . . [And that the] date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial *or plea of nolo contendere*." USSG § 4B1.2(c) (emphasis added); *see also United States v. Williams*, 47 F.3d 993 (9th Cir. 1995).

*Id.* at \*\*1. Furthermore, the petitioner's claim that he was sentenced pursuant to a mandatory guidelines scheme that has been made advisory after *Booker* does not give rise to relief that can be retroactively applied on collateral review. *See, e.g., United States v. Hadden,* 475 F.3d 652 (4th Cir. 2007); *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005) (*Booker* is not retroactively applicable to cases on collateral review). Thus, the petitioner would not be entitled to any relief on that claim either. Therefore, treating the petition as a section 2255 motion and transferring it to the court of conviction would likely be futile.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1) and this civil action for lack of jurisdiction.

The petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner.

March 3, 2017

Dwane L. Tinsley
United States Magistrate Judge