IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**FELIPE HERNANDEZ,**

    **Plaintiff,**

**v.**                                           **CIVIL ACTION NO. 1:15-15219**

**BARBARA RICKARD, Warden,**
**FCI MCDOWELL,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendation. Magistrate Judge Tinsley submitted his proposed findings and recommendation on March 3, 2017. In that Proposed Findings and Recommendation ("PF&R"), Magistrate Judge Tinsley recommended that the district court dismiss plaintiff's petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a de novo review when a petitioner

"makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

After receiving an extension of time to do so, on April 24, 2017, Hernandez filed his objections to the PF&R. With respect to those objections, the court has conducted a de novo review.

After a jury trial occurring in August and September of 1998, a jury in the United States District Court for the Eastern District of Michigan found Hernandez guilty of conspiracy to possess cocaine with intent to distribute; murder-for-hire; aiding and abetting an intentional killing; aiding and abetting a firearms murder in relation to a drug trafficking crime; and witness tampering. Hernandez v. United States, Crim. No. 95-cr-80272, 2017 WL 131561, *1 (E.D. Mich. Jan. 13, 2017); see also United States v. Reyes, 51 F. App'x 488, 493 (6th Cir. 2002). On May 20, 1999, Hernandez was sentenced to four concurrent terms of life imprisonment and a concurrent term of 120 months on the witness tampering conviction. See id.

Magistrate Judge Tinsley concluded that plaintiff's claim was properly considered under 28 U.S.C. § 2255, and not 28 U.S.C. § 2241, because he was challenging the validity of the sentence imposed by the United States District Court for the Eastern District of Michigan. Motions under § 2255 are to be filed in

the sentencing court.  However, because plaintiff had not obtained authorization to file a second or successive § 2255, Magistrate Judge Tinsley determined that plaintiff's motion should be dismissed rather than transferred to the sentencing court.  Magistrate Judge Tinsley also found that transferring the action would likely be futile because Hernandez would not be entitled to relief on the claims raised herein.

In the course of discussing the procedural history of plaintiff's case, Magistrate Judge Tinsley referred to plaintiff's first § 2255 motion, which was filed in the United States District Court for the Eastern District of Michigan.  The magistrate judge noted that the motion was denied on January 13, 2017.  See PF&R at p.3 (ECF No. 8).

Plaintiff's sole objection is to the PF&R's statement that his § 2255 motion in the Eastern District of Michigan had been denied. Specifically, Hernandez writes:

> This court has inaccurately stated that on January 13, 2017, [t]he United States District Court for the Eastern District of [M]ichigan denied the Petitioner's § 2255 motion as untimely. . . .  To date [April 24, 2017], the § 2255 Motion Civil No. 2:16-cv-13355-GER is still pending before the Sentencing Court; therefore, Petitioner would [r]equest that this court will, if anything, transfer the Petition.

Objections at p.1 (ECF No. 12).  However, Hernandez is the one who is mistaken – his § 2255 motion was denied on January 13, 2017 and the action was dismissed, in its entirety, with prejudice.  See Hernandez v. United States, Crim. No. 95-cr-

3

80272, 2017 WL 131561, *3 (E.D. Mich. Jan. 13, 2017). Furthermore, for the reasons noted by Magistrate Judge Tinsley, transfer of this motion to that court would be futile.

Based on the foregoing, the court hereby **OVERRULES** plaintiff's objection and CONFIRMS and ACCEPTS the factual and legal analysis contained within the Proposed Findings and Recommendation. Accordingly, the court **DISMISSES** plaintiff's petition for Writ of Habeas Corpus and **DIRECTS** the Clerk to remove this matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff pro se.

IT IS SO ORDERED this 13th day of March, 2018.

ENTER:

David A. Faber
Senior United States District Judge